**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

PAUL LEONARD LEE, JR.                    *

Petitioner                                *

v                                         *         Civil Action No. RDB-15-2392
                                                    (Consolidated Case RDB-15-2393)
MARYLAND PAROLE COMMISSION        *

Respondent                                *

                                       ***

## MEMORANDUM OPINION

On August 18, 2015, this Court directed Petitioner to supplement the above-captioned Petition for Writ of Habeas Corpus, indicating whether he had exhausted state court remedies regarding his claim that he is improperly held in custody pursuant to a parole revocation warrant. ECF 2. On August 31, 2015, Petitioner filed a supplemental petition indicating that no state court proceedings have been filed regarding the matter and seeking an Order from this Court lifting the parole revocation warrant until he is tried on outstanding charges. ECF 4 at pp. 3 and 8. For the reasons that follow, the petition must be dismissed without prejudice.

Petitioner asserts he was arrested on new charges on May 3, 2015, released on bail, and subsequently taken into custody on a parole retake warrant. He states that he has been held in custody since May 6, 2015, on the retake warrant and that it is his understanding that a revocation hearing must be held within 60 days when custody is based solely on a parole retake warrant. Petitioner appears to rely upon state regulations that govern the timing of a parole revocation hearing. *See* Md. Code Regs. 12.08.01.22.F.2(a) (requiring a parole revocation hearing within 60 days of detention based solely on retake warrant).

The petition involves a question of State law and is therefore subject to the exhaustion requirement of 28 U.S.C. § 2254(b). The exhaustion requirement applies to petitions filed

pursuant to 28 U.S.C. §2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment). Thus, before filing a federal habeas petition, Petitioner must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted), *cert. denied*, 121 S. Ct. 1194 (2001). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). In the instant case, Petitioner has not availed himself of state court review of the issue raised by presenting it to the appropriate state court in a state petition for writ of habeas corpus. It has, therefore, not been exhausted for purposes of federal habeas relief and must be dismissed without prejudice.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001)

(quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)).  The pleadings filed do not demonstrate this

standard and a certificate of appealability shall not issue.

A separate Order follows.


*SEPTEMBER 11, 2015*
Date

*Rll D. Bennett*
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE